ALD-62                                                          December 24, 2008
**<u>UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT</u>**

C.A. No. **08-3978**

BERNARDO ANTONIO ALCANTARA
          Petitioner
 VS.

ATTORNEY GENERAL OF THE UNITED STATES
 (D.N.J. Civ. No. 08-cv-04302)

Present:  SLOVITER, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

    Submitted are:

    (1) By the Clerk for possible dismissal due to a jurisdictional defect;

    (2) Respondent's motion to dismiss the petition for review; and

    (3) Petitioner's response in opposition thereto

    in the above-captioned case.

              Respectfully,

MMW/EGL/ch        Clerk
_____O R D E R_____
The foregoing motion to dismiss is denied but, for the following reasons, we will remand this matter to the District Court. Bernardo Alcantara filed in the District Court a document captioned as a "petition for a declaratory writ of U.S. citizenship under 8 U.S.C. [§] 1452(a) as husband of a citizen wife." We read that petition to request that the District Court: (1) declare Alcantara a United States citizen by reason of his marriage to a United States citizen; and (2) stay his removal proceeding pending a determination of his citizenship status. The District Court, though noting some uncertainty regarding Alcantara's situation and reasons for filing the petition, concluded that it could "not rule out the possibility" that Alcantara sought to challenge his removal and that any such challenge could be brought only in this Court. It thus transferred Alcantara's petition to this Court pursuant to 8 U.S.C. § 1252(a)(5) and 28 U.S.C. § 1631 to be treated as a petition for review.

(Continued)         C.A. No. **08-3978**                                        **Page 2**

BERNARDO ANTONIO ALCANTARA
                         Petitioner
   VS.

ATTORNEY GENERAL OF THE UNITED STATES
      (D.N.J. Civ. No. 08-cv-04302)

---

After our Clerk directed the parties to address this Court's authority to hear the petition, the Government filed a motion to dismiss, arguing that this Court lacks jurisdiction over the petition because no order of removal, let alone a final one, has yet been entered against Alcantara. The Government is correct, and we do indeed lack jurisdiction for that reason insofar as Alcantara's petition may be construed as a petition for review. See Obale v. Att'y Gen., 453 F.3d 151, 157-58 (3d Cir. 2006) (explaining that grant of jurisdiction under 8 U.S.C. § 1252(a)(1) extends only to "final orders of removal"). The proper course, however, is not for us to dismiss the petition. Instead, we must remand it to the District Court. Because no final order of removal has been entered against Alcantara, there was no statutory basis for the District Court to transfer his petition to us to be treated as a petition for review. See Nnadika v. Att'y Gen., 484 F.3d 626, 632 (3d Cir. 2007) ("When the case does not challenge the administrative removal order, it does not fall within the transfer provision of the REAL ID Act and the District Court retains jurisdiction."); 28 U.S.C. § 1631 (authorizing transfer of an action or appeal only to another "court in which the action or appeal could have been brought at the time it was filed"). We understand and appreciate that Alcantara's petition is less than clear and that the District Court transferred it to this Court in an abundance of caution. Because the statutory framework did not permit the transfer under these circumstances, however, we must remand. See Nnadika, 484 F.3d at 632.

On remand, the District Court, after allowing the parties an opportunity to respond, should consider its authority to grant the relief that Alcantara requests. We note our skepticism that the District Court in fact has the authority to declare Alcantara a citizen or stay his removal proceeding, but we leave that determination to the District Court in the first instance. See id. at 633.[1] Accordingly, this matter is hereby remanded. Alcantara's

---

[1] Alcantara's request that the District Court declare him a citizen appears to be foreclosed by 8 U.S.C. § 1452(a), which since 1990 has provided that applications for a certificate of citizenship must be made to the Attorney General instead of the District Court. See generally Ajlani v. Chertoff, 545 F.3d 229, 235-36 (2d Cir. 2008). The District Court retains jurisdiction under 8 U.S.C. § 1421(c) to review the Attorney General's denial of a such an application, and retains jurisdiction under 8 U.S.C. §

(Continued)     C.A. No. **08-3978**     **Page 3**

BERNARDO ANTONIO ALCANTARA
                      Petitioner
    VS.

ATTORNEY GENERAL OF THE UNITED STATES
    (D.N.J. Civ. No. 08-cv-04302)

---

response to the Government's motion to dismiss, insofar as it requests that we stay his removal proceeding, is denied.[2]

                                        By the Court,

                                        /s/    Dolores K. Sloviter
                                         Circuit Judge

Dated: January 26, 2009
cc: Mr. Bernardo Alcontara
     Marion E. Guyton, Esq.

---

1447(b) to hold a hearing on the matter, and either determine or remand it, if the Attorney General fails to make a determination within 120 days after the applicant's required examination. See Ajlani, 545 F.3d at 236. It is not clear whether either of those circumstances are implicated here. We further note in this regard that 8 U.S.C. § 1429 precludes the Attorney General from considering an application for naturalization during the pendency of removal proceedings. See Ajlani, 545 F.3d at 236. Alcantara's request that the District Court stay his removal proceeding appears to be foreclosed by 8 U.S.C. § 1252(g). See Ajlani, 545 F.3d at 235. If and when a final order of removal is entered against Alcantara, and if he first exhausts all his administrative remedies, then he can raise any otherwise-proper challenge to his removal proceeding and final order of removal in the Court of Appeals for the judicial circuit in which the Immigration Judge completes the proceeding. See 8 U.S.C. § 1252(b)(2).

     [2]In support of his request, Alcantara cites 8 C.F.R. § 1239.2(f). That regulation provides that "[a]n immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors[.]" Id. (emphasis added). Thus, if Alcantara has not requested that the Immigration Judge terminate his removal proceeding, this denial is without prejudice to his ability to do so.

(Continued)  C.A. No. **08-3978**  **Page 4**



**A True Copy**

*Marcia M. Waldron*

Marcia M. Waldron, Clerk
Certified order issued in lieu of mandate.